David G. Halm, Bar No. 179957
halm@nicolsonlawgroup.com
NICOLSON LAW GROUP, PC
6320 Canoga Avenue, Suite 750
Woodland Hills, California 91367
Direct:(818) 858-1121
Fax: (818) 858-1124

Attorneys for Defendant TARGET CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| NORMA CARDOZA,<br>Plaintiff(s),<br>vs.<br>TARGET CORPORATION, and DOES 1 to 50 Inclusive,<br>Defendant(s). | Case No.: 2:17-cv-2232<br>**TARGET CORPORATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION:

NOTICE IS HEREBY GIVEN that pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendant TARGET CORPORATION ("Defendant" or "TARGET"), a Minnesota corporation, through its undersigned counsel, hereby removes to this Court the State Court action described herein and pleads the following grounds for removal:

1. This action was commenced on or about May 26, 2016, by the filing of a complaint against TARGET in the Superior Court of the State of California, Central District, entitled Norma Cardoza v. Target Corporation, Case No. BC 621785 (the "State Court Action").

2. Plaintiff NORMA CARDOZA ("Plaintiff") alleges in the State Court

Action that she was a customer at the TARGET store located at 5600 Whittier Boulevard, in Los Angeles, California, where she claims to have been injured when she slipped and fell on water that was left on TARGET's floor creating a dangerous condition. The State Court Action complaint seeks an unspecified amount of economic and non-economic damages for negligence.

3. TARGET was served with the summons and complaint on or about February 21, 2017. True and correct copies of the summons and complaint in the State Court Action and related orders and documents served with the summons and complaint are attached hereto as **Exhibit A.**

4. On March 20, 2017, TARGET filed an answer to the complaint in the State Court Action ("Answer"). A true and correct copy of TARGET's Answer is attached hereto as **Exhibit B.**

5. On or about March 13, 2017, Plaintiff's counsel's office informed TARGET's representative that the total amount of Plaintiff's medical bills for treatment of her injuries allegedly suffered during the incident that gives rise to the State Court Action is $236,000.00 including lumbar micro-discectomy surgery that occurred on or about January 6, 2017.

6. Plaintiff alleges in her complaint filed in the State Court Action that she is a natural person who is, and at all times mentioned in her complaint, a resident of the County/City of Los Angeles, State of California, and is therefore deemed a citizen of California.

7. TARGET, the only defendant named in Plaintiff's complaint, was, at the time the complaint was filed, and still is, a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota, and is therefore deemed a citizen of Minnesota. None of the defendants are a citizen of California where the State Court Action is pending.

8. Because the only real and substantial parties to this litigation were and are citizens of the states of California and Minnesota respectively, and not the

same state, complete diversity of citizenship of the parties exists.

9. As set forth above, Plaintiff claims that as a result of the incident that is the subject of her complaint filed in the State Court Action, allegedly caused by TARGET's negligence, Plaintiff has sustained medical expenses totaling $236,000.00 to date. Therefore, by way of these claims, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy to be determined . In addition, this is an action which may be removed pursuant to 28 U.S.C. § 1441(a).

11. TARGET will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Superior Court of the State of California, County of Los Angeles, Central District, and will serve written notice on counsel of record for Plaintiff.

WHEREFORE, for the foregoing reasons, TARGET hereby gives notice that the referenced action is removed in its entirety from the Superior Court for the State of California, County of Los Angeles, Central District, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

Dated: March 22, 2017 NICOLSON LAW GROUP, PC

By: */s/ David G. Halm*
David G. Halm, Esq.
Attorneys for Defendant
TARGET CORPORATION

## PROOF OF SERVICE

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California and my business address is 6320 Canoga Avenue, Suite 750, Woodland Hills, California 91367.

On March 22, 2017, I caused to be served the following document(s):

**TARGET CORPORATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY**

[ ] **VIA FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e) and (f)):** From fax number (818) 858-1124 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

[ ] **VIA ELECTRONIC SERVICE: Complying with Code of Civ. Proc.§ 1010.6**, my electronic business address is robledo@nicolsonlawgroup.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List. The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

**[X] VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

[X] **BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

[ ] **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))**

[ ] **BY CERTIFIED RETURN RECEIPT (Code of Civ. Proc. §§ 1013 and 1013(a))**

***Siamak Vaziri, Esq.***
***Mark Joseph Giannamore, Esq.***
***VAZIRI LAW GROUP, APC***
***A Professional Law Corporation***
***9454 Wilshire Boulevard, Suite 830***
***Beverly Hills, California 90212-2930***
***Telephone No: (310) 777-7540***
***Facsimile No: (310) 777-0373***
***Email: svaziri@vazirilaw.com***
***Email: mg@vazirilaw.com***
***Attorneys for Plaintiff***
***NORMA CARDOZA***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 22, 2017, at Los Angeles, California.

By: /s/ Rachel Robledo
Rachel Robledo