UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 17-2232-MWF (RAOx) | Date:  June 22, 2018 |
| Title: | Norma Cardoza v. Target Corp. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION FOR SUMMARY JUDGMENT BY DEFENDANT TARGET CORPORATION AGAINST THE COMPLAINT BY PLAINTIFF NORMA CARDOZA [26]

Before the Court is the Motion for Summary Judgment (the "Motion") filed by Defendant Target Corporation ("Target") on April 13, 2018.  (Docket No. 26).  On April 23, 2018, Plaintiff filed an Opposition.  (Docket No. 27).  On April 30, 2018, Target filed a Reply.  (Docket No. 29).  The Court held a hearing on May 17, 2018.

For the reasons discussed below, the Motion is **GRANTED**.  The evidentiary record reveals that Target inspected the relevant area only 10 minutes before Plaintiff's slip-and-fall.  As a matter of law, this inspection establishes the lack of constructive notice, and thus the lack of liability.  No evidence establishes a factual dispute that a jury should be called upon to resolve.  Target is thus entitled to summary judgment as a matter of law.

I.   **BACKGROUND**

The following facts are based on the evidence, as viewed in the light most favorable to Plaintiff as the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his [or her] favor.").  The relevant facts set forth below are undisputed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-2232-MWF (RAOx)          Date: June 22, 2018
Title:     Norma Cardoza v. Target Corp.

---

On June 13, 2014, Plaintiff was shopping at a Target store on Whittier Boulevard in Commerce, California with her daughter, Rebecca Cardoza. (Target's Statement of Uncontroverted Facts ("Target SUF") (Docket No. 26-1) ¶¶ 4-5). While she was pushing a shopping cart down aisle C53 near the electronics and toy departments, Plaintiff stepped in a puddle of water that was less than one square foot in size, which caused her to slip and fall. (*Id.* ¶¶ 5-7).

Plaintiff did not see the water on the floor before she slipped and does not know how the water got on the floor or how long it had been there before she stepped in it. (*Id.* ¶ 7). Rebecca Cardoza, who was walking in front of Plaintiff, also did not see the water on the floor and does not know how it got there or how long it had been there before Plaintiff slipped on it. (*Id.* ¶ 8). There were no cart tracks through the water or dirt or other marks in it; the water was clear. (*Id.* ¶ 9). There were no bottles, cups, or other debris on the floor near the water. (*Id.* ¶ 10).

Shanaya Batiste, an Executive Team Leader of Human Resources with Target at the time, was serving as the "Leader on Duty" at the Target store on June 13, 2014. (*Id.* ¶¶ 11-12). As the Leader on Duty, Ms. Batiste was responsible for ensuring that the store premises were safe. (*Id.* ¶ 13). One of Ms. Batiste's specific duties was to walk around the store to ensure that the floors were clean and free of spills or debris. (*Id.* ¶ 14). The route Ms. Batiste took around the store included aisle C53, where Plaintiff slipped and fell. (*Id.* ¶ 15). Ms. Batiste walked by the location in aisle C53 where Plaintiff slipped and fell 10 minutes before the incident. (*Id.* ¶ 16). Though she was actively looking for spills and other hazards, she did not see any water on the floor in the area that Plaintiff slipped at that time. (*Id.* ¶¶ 17-18).

Ms. Batiste did not know about the spill until she arrived at the scene after Plaintiff fell and she is unaware of what caused the spill. (*Id.* ¶ 19). Ms. Batiste investigated the incident and determined that no other Target employees were aware of the spill before Plaintiff's slip-and-fall. (*Id.* ¶ 20).

On May 26, 2016, Plaintiff filed her operative Complaint against Target in Los Angeles County Superior Court, asserting premises liability and negligence claims for

---

**CIVIL MINUTES—GENERAL**         2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-2232-MWF (RAOx)          **Date:** June 22, 2018
**Title:**      Norma Cardoza v. Target Corp.

relief. (Complaint (Docket 1-1)). On March 13, 2017, Plaintiff's counsel informed Target that Plaintiff had incurred $236,000 in medical bills as a result of the slip-and-fall. (Notice of Removal (Docket No. 1) ¶ 5). On March 22, 2017, Target, a Minnesota corporation with its principal place of business in Minneapolis, removed the action, invoking this Court's diversity jurisdiction. (*Id.* ¶¶ 6-10).

Target now seeks summary judgment as to both of Plaintiff's claims. Since premises liability is a form of negligence, the Court's analysis, below, applies to both claims. *See Carter v. Nat'l R.R. Passenger Corp.*, 63 F. Supp. 3d 1118, 1144 (N.D. Cal. 2014) ("Under California law, premises liability is a form of negligence.") (citing *Brooks v. Eugene Burger Management Corp.*, 215 Cal. App. 3d 1611, 1619, 264 Cal. Rptr. 756 (1989)).

## II.    THE SUMMARY JUDGMENT MOTION

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson*, 477 U.S. at 242; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Ninth Circuit has described the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-2232-MWF (RAOx)          Date: June 22, 2018

Title:      Norma Cardoza v. Target Corp.

---

party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). Plaintiff does not meet her burden.

    "It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205, 114 Cal. Rptr. 2d 470 (2001) (citing *inter alia Restatement (Second) of Torts* § 332). "The cases require that an owner must have **actual or constructive notice** of the dangerous condition before incurring liability." *Id.* at 1203 (emphasis added). Store owners have "an affirmative duty to exercise ordinary care to keep the premises in reasonably safe condition, and therefore must inspect them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, the landowner would have discovered the dangerous condition, he or she is liable." 6 B.E. Witkin, *Summary of California Law*, Torts § 1121 (10th ed. 2005).

    Target argues that summary judgment must be granted in its favor because there is no evidence in the record suggesting that Target (via its employees) had actual or constructive notice of the spill before Plaintiff's slip-and-fall. (Mot. at 11-16). There is certainly no evidence of actual notice in the record and Plaintiff does not argue otherwise. The central issue is thus whether there is any evidence that Target had constructive notice of the spill, which Plaintiff bears the burden of demonstrating. *See,*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-2232-MWF (RAOx) | Date: June 22, 2018 |
| Title: Norma Cardoza v. Target Corp. | |

*e.g., Howard v. Omni Hotels Mgmt. Corp.*, 203 Cal. App. 4th 403, 431, 136 Cal. Rptr. 3d 739 (2012) (explaining that plaintiff has the burden of proof as to causation).

A common way for a plaintiff "to carry that burden is to raise an inference that the hazardous condition existed long enough for the owner to have discovered it, if an owner exercising reasonable care would have learned of it." *Id.* (citing *Ortega*, 26 Cal. 4th at 1210-13) (additional citations omitted). Specifically, if a plaintiff "can show that an inspection was not made within a particular period of time prior to an accident, [he or she] may raise an inference that the condition did exist long enough for the owner to have discovered it." *Ortega*, 26 Cal. 4th at 1212-13.

Plaintiff argues that the "questions of whether a dangerous condition could have been discovered by reasonable inspection and whether there was adequate time for preventive measures are properly left to the jury." (Opp. at 8-9). This assertion is certainly true in many cases – including *Ortega*, where there was no evidence in the record that any Kmart employee had inspected the area in question prior to the slip-and-fall and the store manager testified that the milk the plaintiff had slipped on "could have been on the floor for as long as two hours…." 26 Cal. 4th at 1204.

But as a matter of law, constructive notice is not a question for the jury in this action. Here, Ms. Batiste has affirmatively declared under oath that she actively inspected the area of aisle C53 where Plaintiff slipped just 10 minutes prior to the accident and did not see any water or other hazards on the floor at that time, and there is no evidence in the record that could lead any reasonable juror to doubt that. As a general proposition, California courts apply a 30-minute threshold for submitting questions of actual notice to a jury – *i.e.*, if there is undisputed evidence that an active inspection of the relevant area occurred less than 30 minutes before the accident, summary judgment in favor of the store owner is appropriate; if not, the question should be resolved by a jury. *See, e.g., Alacan v. Target Corp.*, No. CV 14-04564-AB (VBKx), 2015 WL 10945603, at *3 (C.D. Cal. June 26, 2015) (granting Target's summary judgment motion where Target employee had inspected area seven minutes before accident, as "nothing less than thirty minutes between the last inspection and the plaintiff's fall has been held to raise a genuine dispute of material fact or sufficient to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 17-2232-MWF (RAOx) | **Date:** June 22, 2018 |
| **Title:** | Norma Cardoza v. Target Corp. | |

uphold a plaintiff's verdict.") (collecting cases); *Eidem v. Target Corp.*, No. EDCV 10-01000 VAP (DTBx), 2011 WL 3756144, at *9 (C.D. Cal. Aug. 24, 2011) (granting Target's summary judgment motion where Target employee had inspected area 15 minutes before the accident; "While California courts have not set forth a specific time period that constitutes adequate care, the relevant cases all concern time periods of a half hour or longer between inspection and accident.") (collecting cases); *Calderon v. Target Corp.*, No. 12-CV-1781-MMA (PCL), 2013 WL 4401430, at *2 (S.D. Cal. Aug. 15, 2013) (granting Target's summary judgment motion where Target employee had "walked through the [relevant] area within 30 minutes of the incident, and she did not notice, see, or identify any broken or defective stool").  Certainly, Plaintiff has not cited, and the Court has not located, any California state or federal cases in which the question of constructive notice was properly submitted to a jury where an inspection occurred just ten minutes before a slip-and-fall.

     Plaintiff does not have evidence to dispute ***any*** of the evidence that Target has offered in support of its Motion.  Most pertinently, Plaintiff does not dispute Ms. Batiste's declaration statement that she inspected the relevant area 10 minutes before the accident and didn't see any water on the floor.  Instead, Plaintiff filed her own competing Statement of Genuine Issues ("SGI") (Docket No. 27-2), which focuses primarily upon Tony Padilla's (a non-managerial Target employee) lack of knowledge regarding whether there is any surveillance footage of the relevant area at the time of and leading up to the slip-and-fall, and lack of knowledge regarding Target's surveillance-footage-retention policies.  (*See* SGI ¶¶ 14-17).  To the extent Plaintiff introduces this deposition testimony to argue that the absence of video footage creates a triable issue of fact regarding constructive notice, which she appears to be doing (*See* Opp. at 3-4), this tactic does not save Plaintiff from summary judgment.  It is Plaintiff's burden to point to some evidence in the record suggesting that Target had constructive notice; pointing to a lack of evidence is insufficient.  *See Eidem*, 2011 WL 3756144, at *9 ("When there is a lack of evidence, as there is here, the inference must be drawn against Plaintiff, whose burden it is to prove her case.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-2232-MWF (RAOx)          **Date:** June 22, 2018
**Title:** Norma Cardoza v. Target Corp.

Plaintiff argues that Target's Motion is "premature" and asks the Court to deny or defer consideration of the Motion, in order to give Plaintiff more time to conduct discovery – specifically, more time to depose Ms. Batiste and Jenny Aza, another Target employee. (*See* Opp. 4-6, 8).

As an initial matter, the Court rejects Plaintiff's suggestion that Target's Motion is in any way "premature." (Opp. at 5). Pursuant to the Scheduling Order, the last day to hear motions is May 21, 2018, just one week after the hearing date on Target's Motion. Plaintiff commenced this action in Superior Court two years ago, Target removed the action in March 2017, and the Scheduling Order has been in place since May 2017.

In December 2017, Target's counsel offered Plaintiff's counsel a date in January 2018 to depose Ms. Batiste and never received a response from Plaintiff's counsel. (Reply Declaration of David G. Halm (Docket No. 29-1) ¶ 2, Ex. 9). In February 2018, Target's counsel offered Plaintiff's counsel dates in March 2018 to depose Ms. Aza and never received a response from Plaintiff's counsel. (*Id.* ¶ 3, Ex. 10). Additionally, Ms. Batiste and Ms. Aza were identified as percipient witnesses (out of only four percipient witnesses from Target) in the Rule 26(f) report that the parties filed more than a year ago. (Docket No. 12).

Plaintiff has known about Ms. Batiste and Ms. Aza for quite some time and has simply failed to pursue their depositions. If Target was in any way uncooperative or nonresponsive, which Plaintiff does not even contend, Plaintiff should have taken it up with the Magistrate Judge by way of a motion to compel. No discovery-related motions have been filed.

Under Rule 56(d), a court may deny or defer considering a summary judgment motion, and may allow a nonmoving party more time to conduct discovery, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition…." Fed. R. Civ. P. 56(d)(1)-(2). A party requesting more time to conduct discovery pursuant to Rule 56(d) "must show: (1) it has set forth in affidavit form the *specific facts* it hopes to elicit from further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-2232-MWF (RAOx)          Date: June 22, 2018
Title:     Norma Cardoza v. Target Corp.

discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Finance Center, Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis added; internal citations omitted). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal quotation marks and citations omitted).

In support of Plaintiff's request that the Court defer ruling on the Motion and allow her more time to conduct discovery, Plaintiff's counsel contends merely that "[t]he depositions of Ms. Aza and Ms. Batiste are critical to the opposition to Summary Judgment and my ability to garner the facts, evidence and witnesses to not only defeat summary judgment, but to prevail at trial." (Declaration of Mark Giannamore (Docket No. 27-3) ¶ 12). This bare contention falls far short of the "specific facts" required to justify such a request.

The Court has mulled over this Order after the hearing much longer than it typically does. One reason, discussed below, is that the declaration of Ms. Batiste is not very strong. Another is that, strangely, the parties stipulated to a discovery cut-off that is after the motion cut-off. (Docket No. 20). The practice in this Court is for the discovery cut-off to occur before the motion cut-off. This Court approved the stipulation, however, so the blame is not entirely on the parties. (Docket No. 21). Moreover, it is not as if Plaintiff let the discovery cut-off come and go, which the Ninth Circuit has noted as a factor supporting a denial of discovery, although the standard is diligence in general. *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (upholding discretionary denial of reopening discovery).

Nonetheless, the parties also agreed on the motion cut-off date, and the Motion was noticed for a hearing date that was almost against the cut-off. It is not as if Target had moved for summary judgment immediately after the Scheduling Conference. Plaintiff implicitly is moving for a continuance of the motion cut-off with no showing of diligence to justify the continuance. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (party seeking to modify scheduling order must establish "good cause" for doing so, the primary focus of which is "the diligence of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-2232-MWF (RAOx)          **Date:** June 22, 2018
**Title:** Norma Cardoza v. Target Corp.

party seeking the amendment"; if the party "was not diligent, the inquiry should end."). Now is an appropriate time to rule on this Motion.

Of course the Court is not thrilled to grant summary judgment on the basis of a witness's declaration when that witness was not deposed. However, Plaintiff could have deposed the witness, or at least established a record as to why she could not. To deny summary judgment here would encourage plaintiffs to delay deposing crucial witnesses or to fail to depose them at all. In addition, it is speculation that Ms. Batiste would testify in a way that would give rise to a factual dispute.

During the hearing, Plaintiff's counsel again failed to provide any "specific facts" that he expects to elicit through depositions of either Ms. Batiste or Ms. Aza. Instead, he attempted to cast doubt upon Ms. Batiste's declaration testimony that she inspected the relevant area of aisle C53 ten minutes before Plaintiff's slip-and-fall. Specifically, Plaintiff's counsel focused on the facts that the declaration postdates the incident by almost four years (rendering it implausible, in Plaintiff's counsel's opinion, that Ms. Batiste actually remembers inspecting the area), that there is no surveillance video footage corroborating the declaration, and that a contemporaneous incident report (which Plaintiff curiously failed to include with her Opposition papers) does not mention the pre-accident inspection.

The assertion that Ms. Bastiste has a percipient recollection of the inspection, which is how her declaration reads, is not in itself highly credible. That assertion must be based on her practice at the time, a review of unspecified materials, or some other basis that is not included in the declaration. But again, if a deposition had occurred earlier – if the right interrogatory had been propounded and answered – then Plaintiff would know exactly what the putative basis for the recollection was. The Ninth Circuit has held that one month was a sufficient amount of time to take a deposition and justify denial of a request for further discovery. *Stitt v. Williams*, 919 F.2d 516, 526 (9th Cir. 1990).

Given the value of the case and the cost of either a deposition or a trial in federal court, the Court is not criticizing either side about how this action was litigated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-2232-MWF (RAOx)                    Date:  June 22, 2018
Title:    Norma Cardoza v. Target Corp.

Nonetheless, all parties have to live with the choices they have made.  The record is that a witness has testified to a highly favorable fact without contradiction.

     Plaintiff has offered no *evidence* that Ms. Batiste did not inspect the area 10 minutes before the slip-and-fall.  A desire to cross-examine a witness is simply insufficient to create a genuine issue of material fact.  *National Union Fire Ins. Co. of Pittsburgh v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment."); *Cf. Krsnak v. Jessen*, 48 Fed. Appx. 268 (9th Cir. 2002) ("Krsnak's unsupported suspicion of the credibility of affiants does not create a triable issue"; citing *National Union* with approval); *AT&T Corp. v. MRO Communications, Inc.*, 205 F.3d 1350, 1999 WL 1178965, at *3 (9th Cir. 1999) ("Without more, merely questioning the credibility of AT&T's evidence was not enough to ward off summary judgment.").  As pertinently explained:

> The party with the burden of proof does not make an issue for the jury's determination by relying on the hope that the jury will not trust the credibility of the witnesses.  If all of the witnesses deny that an event essential to the plaintiff's case occurred, the plaintiff cannot get to the jury simply because the jury might disbelieve these denials.  There must be some affirmative evidence that the event in question actually occurred.

9B A. Miller, *Federal Practice & Procedure* § 2527 (3d ed. 2018) (credibility of witnesses).

     In sum, the evidentiary record reveals that a Target employee inspected the relevant area only 10 minutes before Plaintiff's slip-and-fall and did not see any water on the floor at that time.  As a matter of law, this inspection establishes the lack of constructive notice, and thus the lack of liability.  The Court has hesitated to grant the Motion because the discovery cut-off had not passed when Plaintiff opposed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-2232-MWF (RAOx) | **Date:** June 22, 2018 |
| **Title:** Norma Cardoza v. Target Corp. | |

Motion and because Ms. Bastiste's declaration does not give the basis for her testimony. Nonetheless, Target is entitled to summary judgment in its favor.

### III. **CONCLUSION**

The Motion is **GRANTED.**

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

IT IS SO ORDERED.